IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD DRUMMOND, | : | CIVIL NO. 1:CV-13-1891 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| LAUREL R. HARRY, et al., | : | |
| Defendants | : | |

# MEMORANDUM

Before the Court are Plaintiff Gerald Drummond's motions for the appointment of counsel (Doc. Nos. 6, 30) and motions for injunctive relief (Doc. Nos. 7, 13). For the reasons that follow, the motions for counsel will be denied without prejudice and the motions seeking injunctive relief will be denied as moot.

## I. Background

Drummond and fellow inmate Michael Burkhart initiated this civil rights action pursuant to 42 U.S.C. § 1983 on July 11, 2013. Shortly thereafter, the Court granted a motion filed by Burkhart to withdraw as a plaintiff in this matter. (Doc. No. 19.) Named as Defendants are twenty-four (24) officials and employees at the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania, where Drummond was confined at the time of the alleged incidents. Drummond raises claims including verbal harassment and threats, mail interference, denial of yard and law library, food tampering, the issuance of false misconducts, retaliation and interference with his ability to pursue grievances. (Doc. No. 1, Compl.) He further alleges that Defendants incited other inmates to assault him, specifically by throwing human feces on him. (Id. at 16.)

Service of the complaint was directed, along with service of the pending motions for

injunctive relief and Drummond's initial motion for counsel. (Doc. No. 17.) He also filed a second motion for counsel on November 1, 2013. These motions are presently before the Court for consideration.

## II.     Discussion

### A.     Motions for Counsel

In moving for the appointment of counsel Drummond argues that: (1) his case involves complex legal issues; (2) he is greatly limited in litigating the case due to his incarceration; (3) he has limited access to the law library and limited knowledge of the law; (4) he is unable to afford counsel; and (5) a trial in this case will likely involve conflicting testimony and an attorney is better equipped to present evidence and cross examine witnesses. (Doc. Nos. 6, 30.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable

merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Drummond's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motions fail to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint, Drummond is obviously literate and clearly able to litigate this action on his own. The complaint is well-drafted and clearly sets forth the claims he desires to pursue in this matter. He has filed the instant motions for counsel and for injunctive relief, and cited to relevant legal authority therein. This clearly implies that he has access to legal resources, and the ability to understand and present relevant legal authority, even though he may not have the ability to visit the law library as often as he chooses. Further, any concern with respect to a trial in this matter is premature at this preliminary stage of the case. It cannot be said, at least at this point, that Drummond will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404

U.S. 519 (1972), coupled with Drummond's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motions will be denied, without prejudice. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

B.   **Motions for Injunctive Relief**

Also pending are two motions seeking injunctive relief against the Defendants and other SCI-Camp Hill employees, both filed by Drummond while confined at SCI-Camp Hill. (Doc. Nos. 7, 13.) In the first motion, Drummond reasserts the claims set forth against the Defendants in his complaint and requests that the Court enjoin Defendants' abuse, assaults and retaliation. (Doc. No. 7.) In the second request for injunctive relief, he claims that he was physically and sexually assaulted by some of the Defendants, and thereafter denied medical attention for his injuries. (Doc. No. 13.) A response to the motions was submitted by Defendants (Doc. No. 21), and thereafter a reply was filed by Drummond (Doc. No. 22).

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The United States Court of Appeals for the Third Circuit has delineated four (4) factors that a district court must consider when ruling on a motion for a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured if the court denies the requested relief; (3) whether granting the requested relief will result in even greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest. See Gerardi v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994); Hoxworth v. Blinder, Robinson & Co, 903 F.2d 186, 1970-98 (3d Cir. 1990). These same

4

factors are used in considering a motion for temporary restraining order.  Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D. Pa. 1994).  The moving party has the burden of satisfying these factors.  Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000).  While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief.  Stilp v. Contino, 629 F.Supp.2d 449, 457 (M.D. Pa. 2009)(citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002)).  In addition, "[a]s these elements suggest, there must be a 'relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010)(quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).

Moreover, the power of a court to issue injunctive relief is also limited and circumscribed by the mootness doctrine.  The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

In the instant case, Drummond seeks injunctive relief against individuals who are all employed at SCI-Camp Hill.  Some of these individuals are named as Defendants in this action.  However, Drummond is no longer confined at SCI-Camp Hill.  On November 1, 2013, he notified the Court that he has been transferred to the State Correctional Institution at Smithfield, Pennsylvania. (Doc. No. 28.)

The Third Circuit Court of Appeals has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)(quotations omitted); see also, Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial.)

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). This Court has previously held, in a case such as the present, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where those injunctive claims arose, his transfer to another institution moots any claims for injunctive or declaratory relief. Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D. Pa. 1998). For these reasons, Drummond's pending motions for injunctive relief must be denied as moot since he is no longer confined at SCI-Camp Hill, and there is no indication that he will be housed at that facility in the foreseeable future. An appropriate order follows.